ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Electric Boat Corporation | ) | ASBCA No. 58672 |
| | ) | |
| Under Contract No. N00024-03-C-2101 | ) | |

APPEARANCES FOR THE APPELLANT:    Stephen J. McBrady. Esq.
Skye Mathieson, Esq.
Michelle D. Coleman, Esq.
Laura J. Mitchell Baker, Esq.
 Crowell & Moring LLP
 Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Craig D. Jensen, Esq.
 Navy Chief Trial Attorney
Russell A. Shultis, Esq.
David M. Marquez, Esq.
David B. Stinson, Esq.
Stephen D. Tobin, Esq.
Alana M. Sitterly, Esq.
Trial Attorneys

<u>OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS
ON APPELLANT'S MOTION TO STAY</u>

Pending before the Board is the motion of appellant, Electric Boat Corporation (Electric Boat) to stay this action during the pendency of the appeal of an earlier decision of the Board in this same action, to the United States Court of Appeals for the Federal Circuit. A hearing in this appeal is currently scheduled to begin on June 10, 2019. Respondent, the Department of the Navy (government or Navy) opposes the requested stay.

This appeal involves a claim for a contract price adjustment due to a December 2004 regulation issued by the Occupational Safety and Health Administration (OSHA), requiring Electric Boat, and its subcontractor Huntington Ingalls, Inc. (HII), to post a fire watch during "hot work" in the assembly of Virginia Class attack submarines. Electric Boat's prime contract contains a clause, H-30, allowing a price adjustment for certain changes in federal laws or regulations. Clause H-30 was not included in the list of contractual provisions designated to flow-down to Electric Boat's subcontractors, but this apparent oversight was corrected by modification. In December 2012, Electric Boat filed a claim, which was denied, seeking both Electric Boat's and HII's costs.

Following an appeal to the Board, the parties filed cross-motions for summary judgment regarding the statute of limitations. In a December 10, 2018 decision, we held that Electric Boat's claim for HII's costs was timely filed, but that Electric Boat's claim pertaining to its own costs was barred by the statute of limitations. *Electric Boat Corp.,* ASBCA No. 58672, 19-1 BCA ¶ 37,233 at 181,230.

On January 9, 2019, appellant filed a notice of substitution of counsel, designating the co-counsel previously representing HII's interests in its pass-through claim sponsored by Electric Boat, as attorney of record for Electric Boat. On January 10, 2019, Electric Boat's new counsel of record requested a 120-day stay of proceedings due to the substitution of counsel, and allowing it to see whether Electric Boat would appeal from the Board's decision on the statute of limitations issue, which might provide additional grounds for a stay. We granted Electric Boat's motion in part, finding that substitution of counsel provided good cause for limited extension of the hearing schedule, but noted that "the possibility that Electric Boat may seek review of the December 10, 2018 decision before the Federal Circuit [was not] a legitimate basis for further extending the hearing date in this appeal." (Bd. order dtd. January 24, 2019 at 2) Subsequent to the Board's order, Electric Boat did, in fact, seek review of our December 10, 2018 decision before the Federal Circuit. *Electric Boat Corp. v. Secretary of the Navy, appeal docketed,* No. 19-1621 (Fed. Cir. March 5, 2019). Electric Boat additionally reports that Navy has indicated that it intends to file a motion to dismiss the Federal Circuit appeal, in advance of the merits briefing (app. reply at 1 n.1).

## DECISION

The Board has the discretion to stay its consideration of an appeal. In deciding whether to stay an appeal, the Board will consider:

> 1) whether the facts, issues, and witnesses in both proceedings are substantially similar; 2) whether [proceeding in the current appeal could compromise parallel court litigation]; 3) whether the proposed stay could harm the non-moving party; and 4) whether the duration of the requested stay is reasonable.

*Public Warehousing Co., K.S.C.,* ASBCA No. 56116, 08-1 BCA ¶ 33,787 at 167,227.

In this appeal, the primary issue is whether the facts, issues, and witnesses in both proceedings are substantially similar, and thus, whether judicial economy would be served by a stay. The Navy asserts that Electric Boat's appeal to the Federal Circuit presents different issues from those to be addressed at the hearing in this appeal (gov't opp'n at 2). However, in the event that Electric Boat is successful in its appeal, a

2

hearing on remand to the Board would necessarily involve the same facts, issues, and witnesses. Both Electric Boat's portion of the appeal and HII's portion of the appeal stem from the same contract, the same OSHA regulatory change, the same claim, the same contracting officer's final decision, and involve similar damages issues. Admittedly, Electric Boat and HII differ in the computation of their claimed damages. However, Electric Boat has represented that it and HII share the same two expert witnesses and that the Navy is using the same expert for both portions of the appeal (app. reply at 2). In our January 24, 2019 order, we found that the mere *possibility* that Electric Boat would file an appeal was not a sufficient basis for a stay. However, now that Electric Boat has actually filed an appeal we must consider how that appeal will affect judicial efficiency. Given the risk of duplicative proceedings, we find that factor one weighs strongly in favor of a stay for reasons of judicial economy. Having found a basis for a stay of proceedings, we review the other three factors to determine whether they compel a different result.

Electric Boat contends that the second factor, whether proceeding with the hearing could compromise the parallel court litigation, weighs in favor of a stay because Electric Boat could be prejudiced by factual findings made at a hearing of only HII's portion of the appeal (app. mot. at 4). We do not find this to be a relevant factor here. In *Public Warehousing*, the case cited above for our standard on granting stays, the contractor was the subject of civil and criminal fraud investigations. The concern was whether the "on-going [fraud] investigations would be compromised in going forward with the [Board] case." *Public Warehousing*, 08-1 BCA ¶ 33,787 at 167,227. Thus, the concern in this factor is prejudice to the parallel proceeding. Electric Boat does not allege any potential prejudice to the proceeding before the Federal Circuit as a result of the Board proceeding with a hearing in this appeal. Moreover, to the extent Electric Boat alleges harm to itself in a future remand hearing, we note that Electric Boat is still the appellant in this action and is sponsoring HII's claim. Electric Boat may determine its level of involvement in its own claim. Thus, this factor does not provide a basis to grant or to deny a stay.

The third factor, harm to the non-moving party, does not present a basis to deny a stay. The Navy asserts that it would be harmed by a stay due to the potential payment of Contract Disputes Act (CDA) interest due to a delay in the hearing (gov't opp'n at 4). In response, Electric Boat has offered to waive CDA interest for the duration of the stay (app. reply at 1-2). The Navy additionally alleges that it would be prejudiced by needing to reschedule witnesses and support contractors (gov't opp'n at 4-5). While this is true, this "harm" applies to both parties, as well as to the Board. We believe that judicial economy weighs in favor of the stay because the inefficiency of potentially holding two hearings outweighs the inconvenience of rescheduling the current hearing date. Thus, we find that factor three does not provide a basis to deny the requested stay.

3

The last factor, whether the duration of the stay is reasonable, does not provide a basis for denying the stay. The Navy opposes the stay, arguing that Electric Boat's requested stay is essentially "indefinite." (Gov't opp'n at 5) Given that the government is planning to file a motion to dismiss in advance of briefing on the merits, the stay may be longer or shorter than anticipated in Electric Boat's original motion. However, we find the duration of the stay, linked to the Federal Circuit's consideration of an appeal from this action, to be reasonable.

For the reasons stated above, we grant Electric Boat's motion to stay proceedings pending the Federal Circuit's resolution of *Electric Boat Corp. v. Secretary of the Navy*, No. 19-1621 (Fed. Cir.).[*] The parties are directed to file a joint status report once the Federal Circuit rules upon the dispositive motion, or September 24, 2019, whichever comes first.

Dated: May 7, 2019

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] In so doing we note Electric Boat's waiver of CDA interest in any recovery from the date of this decision to the date that we lift the stay.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58672, Appeal of Electric Boat Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
